Djeddah v Djeddah (2024 NY Slip Op 00802)

Djeddah v Djeddah

2024 NY Slip Op 00802

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Moulton, J.P., Friedman, Mendez, Rodriguez, JJ. 

Index No. 350094/00 Appeal No. 1666 Case No. 2022-01896 

[*1]Richard N. Djeddah, Plaintiff-Respondent,
v
Rachel Djeddah, Defendant-Appellant.

Judd Burstein, P.C., New York (Peter B. Schalk of counsel), for appellant.
McLaughlin & Stern, LLP, New York (Linda A. Rosenthal of counsel), for respondent.

Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered December 22, 2021, which denied defendant wife's motion for an additional surcharge against nonparty former receiver with the attendant discovery and hearing, discharged the former receiver and relieved him from providing a formal final accounting, and canceled and discharged the receiver's surety bond, unanimously affirmed, without costs.
This highly contentious divorce action was commenced in 2000, which, after a three-year trial, resulted in the 2008 judgment of divorce which provided for the marshaling and equitable distribution of the parties' marital assets by a court-appointed receiver. Equitable distribution of the marital assets was thwarted by the parties, both of whom were found in contempt at various points for violating the judgment of divorce. In an attempt to resolve the matter, the then-receiver undertook certain actions with evidently unintended consequences, which further resulted in additional litigation and court orders. In particular, the court's January 27, 2014 order directed the then-receiver to produce supporting documentation for his interim accountings, answer written questions and appear for deposition if necessary, and referred the calculation of his commissions and the assessment and application of surcharges to a special referee. At the request of the wife, in which the receiver joined, the court vacated so much of the January 2014 order as referred the matter to a special referee "due to ongoing discovery." The order further provided that when discovery was complete, a new reference order would issue. Although the receiver made an initial production of several years' worth of records, the wife did not pursue further discovery or a hearing. The receiver subsequently withdrew, and another receiver was appointed. The former receiver ultimately waived his fee.
Under the circumstances presented, it was not an abuse of discretion for the court to revisit and modify its January 2014 order so as to deny the wife further discovery and a hearing on the issue of a surcharge against the former receiver over and above his forfeited fee. Having since concluded that the former receiver acted in good faith, and having awarded the wife the entirety of the parties' most valuable piece of real estate and substantial additional financial awards to compensate for any damage she may have suffered by the husband's improper acts that occurred on the receiver's watch, the court's determination that the wife had been more than made whole without resorting to further protracted litigation was sufficient to support its modification (see generally Jacynicz v 73 Seaman Assoc. , 270 AD2d 83, 86 [1st Dept 2000], lv denied 95 NY2d 761 [2000]). The court's action was also justified by the lengthy lapse between the court's January 2014 order and the wife's newly reasserted desire to move forward with discovery and a hearing, given that she had conducted no discovery during that [*2]time.
For the same reasons, we conclude that it was not an improvident exercise of the court's discretion to waive a final accounting from the former receiver, in light of his forfeiture of his fee and the attendant circumstances.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024